17-4024
Anthony M. v. Wright

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
27th day of June, two thousand nineteen.

Present:        PIERRE N. LEVAL,
                ROSEMARY S. POOLER,
                BARRINGTON D. PARKER,
                        *Circuit Judges*.

_____

ANTHONY M.,

                *Plaintiff-Appellant*,

                v.                                                17-4024-pr

LESTER WRIGHT, M.D., in his individual capacity and in his
official capacity as Deputy Commissioner and Chief Medical
Officer of the New York State Department of Correctional
Services, HOLLY A. COLLETT, in her individual capacity and in
her official capacity as Regional Health Services Administrator of
the New York State Department of Correctional Services, BRIAN
FISCHER, in his individual capacity and in his official capacity
as Commissioner of the New York State Department of
Correctional Services, GLEN S. GOORD, in his individual
capacity and in his official capacity as Commissioner of the New
York State Department of Correctional Services, WESLEY K.
CANFIELD, in his individual capacity and in his official capacity
as Facility Health Services Director for the Elmira Correctional
Facility,

*Defendants-Appellees*.[1]

_____

Appearing for Appellant: Donald W. O'Brien, Jr., Woods Oviatt Gilman LLP, Rochester, N.Y.

Appearing for Appellees: Zainab A. Chaudhry, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, N.Y.

Appeal from the United States District Court for the Western District of New York (Geraci, *C.J.*).

  **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

  Appellant Anthony Medina appeals from the November 17, 2017, judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*) entered after a jury unanimously concluded that Medina did not have a cause of action against Defendants-Appellees. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

  On appeal, Medina argues that the district court denied him a fair trial by allowing five armed guards from the New York State Department of Corrections and Community Supervision ("DOCCS"), who were not present on the first day of trial, to be present in the courtroom to guard Medina during the remainder of the three-day trial. "In civil as well as criminal cases, the right to a fair trial is fundamental." *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995). "In either type of case, the court must be alert to avoid practices that may undermine the fairness of the factfinding process." *Id.* That does not mean, however, that district courts may never employ enhanced security measures. To the contrary, under certain circumstances, even the presumptively prejudicial measure of shackling an incarcerated plaintiff might not deprive the plaintiff of a fair trial. *Id*. at 1124; *see also Hameed v. Mann*, 57 F.3d 217, 222 (2d Cir. 1995). Moreover, security measures that cause a party "a slight degree of prejudice" may be justified by "sufficient cause" for the measures. *Holbrook v. Flynn*, 475 U.S. 560, 571-72 (1986).

  We discern no error here that deprived Medina of a fair trial. First, the district court had a sufficient reason for the enhanced security. Medina did not contest below, and cannot seriously dispute here, that he had a violent outburst after the first day of trial that caused damage to a window of a DOCCS transport van. Medina instead focused his argument to the district court on DOCCS's culpability in causing the incident by failing to provide Medina with medication that adequately treated his eye condition. Second, to the extent Medina has shown that he suffered prejudice—and we are not entirely persuaded that he has—any such prejudice was, at most, slight. While the DOCCS guards were armed and wore armored vests, those five guards were essentially in the same positions as three unarmed guards who were present on the first day of

_____

[1] The Clerk of Court is directed to amend the caption as above.

trial. Additionally, the record lacks sufficient indication that the guards' guns were visible to the jury—the extra-record representation Medina's attorney made to us during oral argument notwithstanding. *Cf.* Fed. R. App. P. 10 (listing the components of the record on appeal); *Int'l Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record."). Finally, the district court took steps to prevent any prejudice that might have resulted from the guards' presence: the district court instructed the jury in a manner designed to avoid prejudicial inferences and granted Medina's request that the guards be seated during the proceedings.

We have considered the remainder of Medina's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3